In the Matter of BERNARD FERER, an Attorney, Respondent.

NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, July 2, 1976

*William H. Gage (David E. Brennan* of counsel), for petitioner.

*Bernard Ferer,* respondent *pro se.*

*Per Curiam.* Respondent was admitted to practice in this Department on June 24, 1964.

He has been charged with six specifications of conversion of clients' money. These defalcations ranged from $600 to $10,-

000 and in the aggregate exceeded $35,000, almost all of which has not been repaid to his clients.

Respondent induced clients to turn money over to him to invest in various alleged enterprises and instead of making such investments he converted the money to his own use.

Among his various defaults respondent, as executor of his father's estate, failed to perform properly his duties and placed estate funds in his personal account. In this matter, in addition to many unethical acts, he failed and refused to account to his sisters who were legatees of their father and they were compelled to secure orders from the Surrogate enjoining respondent from making further withdrawals from the estate account.

Respondent in his "response" to the bar association's petition denied all of the charges, demanded a bill of particulars and requested that a hearing be held in which he could testify under oath. We appointed Honorable WILLIAM W. SERRA, Allegany County Judge, as Referee to hear and report. At the hearing respondent informed the Referee that he wished to withdraw his answer and "to enter an admission on each and every allegation of the Petition". He requested an adjournment of 45 days to submit an affidavit in mitigation of the charges. The Referee's report states that respondent failed to file any further materials and did not contact the Referee since the hearing, a period of 67 days. Upon the application to confirm the Referee's report respondent did not controvert it in any respect and stated that he would like to resign from the Bar. His resignation has now been filed with this court and we accept it. We consider the tender of his resignation at this juncture as tantamount to an admission of the charges (*Matter of Schwartz,* 42 AD2d 413; *Matter of Cregg,* 34 AD2d 62).

Respondent has violated canons 1, 6, 7 and 9 of the Code of Professional Responsibility and has demonstrated his lack of moral fitness to continue as a member of the profession and his name should be stricken from the roll of attorneys (*Matter of Tomicki,* 47 AD2d 752; *Matter of Liesner,* 43 AD2d 223; *Matter of Nicotina,* 37 AD2d 300).

MARSH, P. J., CARDAMONE, SIMONS, GOLDMAN and WITMER, JJ., concur.

Resignation accepted and name stricken from roll of attorneys.